Filed 6/3/16  P. v. Ochoa CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F070248 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. VCF291277 & VCF291637) |
| JOSE ROLANDO OCHOA, | |
| Defendant and Appellant. | **OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Darryl B. Ferguson, Judge.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Kane, J. and Franson, J.

Jose Rolando Ochoa entered into a plea agreement resolving two cases pending against him. He was sentenced pursuant to the terms of the plea agreement. He appeals, asserting his right to a speedy court trial as codified in Penal Code section 1381 was violated and, therefore, he was wrongfully incarcerated.[1] Because Ochoa failed to comply with the applicable statutory requirements, there is no merit to his argument. Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

### Case No. VCF291277

On November 15, 2013, the Tulare County District Attorney's office filed a complaint against Ochoa in case No. VCF291277. The information was filed on or about February 12, 2014. The sole count of the information charged Ochoa with possession of drug paraphernalia in jail. (§ 4573.6.) The information also alleged Ochoa (1) had a prior conviction that constituted a strike within the meaning of section 667, subdivisions (b)–(i), and (2) had served two prior prison terms within the meaning of section 667.5, subdivision (b).

### Case No. VCF291637

On November 25, 2013, the Tulare County District Attorney's office filed a complaint against Ochoa in case No. VCF291637. On or about February 12, 2014, the information was filed charging Ochoa with residential burglary. (§ 459.) The information also alleged Ochoa (1) had a prior conviction that constituted a strike within the meaning of section 667, subdivisions (b)–(i), (2) had suffered a prior serious felony conviction within the meaning of section 667, subdivision (a)(1), and (3) had served two prior prison terms within the meaning of section 667.5, subdivision (b).

Preliminary hearings were held in both cases on February 10, 2014. On August 1, 2014, Ochoa entered into a plea agreement in both cases. In case No. VCF291637,

---

[1] All further statutory references are to the Penal Code.

Ochoa pled guilty to second degree burglary, with the People agreeing to strike the prior conviction allegation, and the trial court agreeing it would strike the prior prison term enhancements. In case No. VCF291227, Ochoa pled guilty to possession of drug paraphernalia in prison, and admitted the two prison priors. The People agreed to dismiss the prior conviction allegation. It was agreed the total sentence Ochoa would serve for both cases was three years eight months in prison. On August 22, 2014, Ochoa was sentenced consistent with the plea agreement.

## DISCUSSION

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, asserting she could not identify any arguable issues in the case. By letter dated May 11, 2015, we invited Ochoa to inform this court about any issues he wished us to address. Ochoa responded to our letter informing us that he believed his right to a speedy trial was violated and, therefore, in essence, the charges should have been dismissed.

Ochoa's argument relies on section 1381, which, in relevant part, provides:

> "Whenever a defendant has been convicted, in any court of this state, of the commission of a felony or misdemeanor and … has been committed to and placed in a county jail for more than 90 days as a condition of probation … and at the time of the entry upon the term of imprisonment or commitment there is pending, in any court of this state, any other indictment, information, complaint, or any criminal proceeding wherein the defendant remains to be sentenced, the district attorney of the county in which the matters are pending shall bring the defendant to trial or for sentencing within 90 days after the person shall have delivered to said district attorney written notice of the place of his or her imprisonment or commitment and his or her desire to be brought to trial or for sentencing .… In the event that the defendant is not brought to trial or for sentencing within the 90 days the court in which the charge or sentencing is pending shall, on motion or suggestion of the district attorney, or of the defendant … or his or her counsel … or on its own motion, dismiss the action. If a charge is filed against a person during the time the person is serving a sentence in any state prison or county jail … it is hereby made mandatory upon the district attorney of the county in which the charge is filed to bring it to trial within 90 days after the person shall have delivered to said district attorney written notice of the place of his or her imprisonment or

3.

commitment and his or her desire to be brought to trial upon the charge ….
In the event the action is not brought to trial within the 90 days the court in
which the action is pending shall, on motion or suggestion of the district
attorney, or of the defendant … or on its own motion, dismiss the charge."

This provision has, in essence, two parts, each dependent on the defendant being incarcerated, and each dependent on the defendant having two separate cases filed against him. If, at the time the defendant is sentenced in the first case there is a charge in the second case pending, then the defendant is entitled to a trial or sentencing in the second case within 90 days of the defendant informing the district attorney in writing that he is incarcerated as a result of the first case and demands a trial or sentencing in the second case. If charges are filed in the second case while the defendant is incarcerated, he is entitled to a trial on those charges within 90 days of the defendant informing the district attorney in a writing that he is incarcerated as a result of the first case and he demands a trial within 90 days. In either case, if the case is not brought to trial or sentencing within the 90-day time frame, then the charges must be dismissed upon motion by the defendant, district attorney, or the court.

The record in this appeal does not contain a written notice from Ochoa to the district attorney invoking his rights pursuant to section 1381. In his letter to this court, Ochoa explains why the demand is not included in the record. Ochoa asserts that on July 16, 2013, a correctional officer found a hypodermic needle in his possession. On July 18, 2013, Ochoa asserts he mailed his section 1381 demand for a speedy trial for these charges. The district attorney responded that at that time there were no pending cases involving Ochoa.

The district attorney's response appears to be accurate because charges were not filed in the drug paraphernalia case until November 15, 2013. Ochoa does not assert that he served a section 1381 demand for a speedy trial after the complaint was filed against him. The statute requires a complaint be filed against the defendant before a section 1381 demand is served on the district attorney. Not only does the statute require the existence

of a pending case, common sense also demands the existence of a pending case. Otherwise, every incarcerated defendant could serve a section 1381 demand for a speedy trial before any case is pending, and then, even years later, demand dismissal of the case should the matter not be brought to trial within 90 days, a patently absurd result.

Accordingly, accepting Ochoa's statement of facts as true, we reject his argument because his section 1381 demand for a speedy trial was premature.

Our review of the record did not reveal any arguable issues in this case. Ochoa entered into a favorable plea agreement, was fully advised of his statutory and constitutional rights, was fully advised of the consequences of his plea, and was sentenced pursuant to the terms of the plea agreement. He received the custody credit to which he was entitled.

## DISPOSITION

The judgment is affirmed.